CLYDE CHANDLER v. THE STATE.

No. 6256.   Decided May 11, 1921.

**Intoxicating Liquors—Sale—Accomplice Testimony—Insufficiency of the Evidence.**

We are constrained to hold that the statute which forbids the conviction of one accused of crime upon the uncorroborated testimony of an accomplice, and which must not only show that the offense was committed but must tend to connect the accused with the commission of the crime, has not been complied with in the instant case.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of the unlawful sale of intoxicating liquors; penalty, imprisonment in the penitentiary for one year.

The opinion states the case.

*Wynne & Wynne, Miller & Miller,* and *Ross Huffmaster,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful sale of intoxicating liquors.   Peel testified that he bought two gallons of intoxicating liquors from the appellant.   Peel is an accomplice, and we find in the record no corroboration.

The State sought to corroborate by the testimony of the witness Oliver, whose home was about sixty feet from Peel's house, where

the sale was charged to have been made on the 12th of September. It was the theory of the State, according to the testimony of Peel, and the witness Jones, that appellant was taken to Peel's house by Jones in a Ford sedan automobile; that the appellant took with him a bucket of intoxicating liquors, carried it into Peel's house and delivered it to him. The extent of Oliver's testimony was that about the 12th or 13th of September he saw a man drive up to Peel's house, get out and carry a bucket therein. No effort is made to identify the man nor to describe him. It does not appear from his testimony that he arrived in an automobile; that he was in company with another man; that he was of the same race or color as the appellant. Obviously, these matters were at the command of the State. The witness could have told whether he had ever known the appellant or not, and could have given some description of the man who went into the house, whether he had a companion or not, and the character of the vehicle in which he was riding. In the absence of this testimony, which was manifestly available, and in view of the utter failure to identify the party seen by the witness Oliver with the appellant, we are constrained to hold that the statute of the State which forbids the conviction of one accused of crime upon the uncorroborated testimony of an accomplice and which requires that the corroboration, to be sufficient, must not only show that the offense was committed, but must tend to connect the accused with the commission of the crime, has not been complied with.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*